## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN M. CONSTANTINI,  :    Civil Action No.
on his own behalf and as administrator of  :
the estate of CHERYL A. CONSTANTINI, :
:
Plaintiff,  :
:
v.  :
:
OPTIMUM CHOICE, INC.  :
:
Defendant.  :
:

_____

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, Optimum Choice, Inc., by and through its

attorneys, Stradley Ronon Stevens & Young, LLP, hereby remove to the United States District

Court for the District of Delaware the case styled as John M. Constantini, on his own behalf and

as administrator of the estate of Cheryl A. Constantini v. Optimum Choice, Inc., originally filed

in the Superior Court of the State of Delaware in and for Sussex County, August Term, 2005,

No. 05C-08-022THG (the "State Court Action"), and as grounds for removal state as follows:

1.    On August 16, 2005, Plaintiff initiated the State Court Action by the filing of a

Complaint. The Complaint constitutes the only process, pleading or order that Defendant has

received in this action. A copy of the Complaint in the State Court Action, together with exhibits

originally attached thereto, is attached hereto as Exhibit "1".

2.    Service of the Complaint was completed on Optimum Choice, Inc., by way of

service upon the Delaware Insurance Commissioner, by August 19, 2005 at the earliest.

Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)

because Optimum Choice, Inc. has served this Notice within thirty (30) days after service of Plaintiff's Complaint.

3.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. The entire suit is removable to this Court pursuant to 28 U.S.C. § 1441.

4.    Plaintiff's citizenship is not alleged in the Complaint. However, upon information and belief, Plaintiff is now, and was at the time of the filing of the Complaint, a resident and citizen of the State of Delaware.

5.    Optimum Choice, Inc. is properly identified in the Complaint as a Maryland corporation with its principal place of business at 4 Taft Court, Rockville, Maryland.

6.    Plaintiff alleges breach of contract, bad faith breach of contract, consumer fraud pursuant to 6 Del. C. § 2513, and intentional (or reckless) infliction of emotional distress, allegedly arising out of Defendant's evaluation and coverage determination concerning Plaintiff's claim for health care benefits. Plaintiff also seeks declaratory judgment for refusal to pay the medical bills of Cheryl Constantini. Although Plaintiff's Complaint does not set forth a specific amount of damages, the Complaint seeks damages for Plaintiff and the estate of Cheryl Constantini on all counts for compensatory damages, punitive damages, costs, and other relief as this Court deems just and proper.

7.    In the event Plaintiff is successful in a trial of his claims, there is a substantial probability that the value of Plaintiff's claims exceed $75,000 exclusive of interest and costs which meets the amount in controversy requirement of 28 U.S.C. §1332(a). Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being

litigated, and case should be remanded only if reasonable jury could not return verdict in excess of jurisdictional threshold).

8.      Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.      This Court is the proper Court for removal of the State Court Action because the State Court Action was filed in the Superior Court of the State of Delaware in and for Sussex County, which is located within the United States District Court for the District of Delaware.

10.     Written notice of this removal is being given to Plaintiff's counsel as required by law.

11.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Optimum Choice, Inc. in this case are attached hereto as Exhibit "1."

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Superior Court of the State of Delaware in and for Sussex County.

WHEREFORE, Defendant, Optimum Choice, Inc., hereby removes the State Court Action from the Superior Court of the State of Delaware in and for Sussex County.

Respectfully submitted,


/s/ Frances Gauthier
Maryanne T. Donaghy/ #4213
Frances Gauthier # 3390
Stradley Ronon Stevens & Young, LLP
300 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 576-5850
*Attorney for Defendant Optimum Choice, Inc.*

**EXHIBIT "1"**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JOHN M. CONSTANTINI,                          )
on his own behalf and as administrator        )
of the estate of CHERYL A. CONSTANTINI,       )        C.A. No. 05C-08-022THG
                                              )
                  Plaintiff,                  )        NONARBITRATION CASE
                                              )        TRIAL BY JURY DEMANDED
        v.                                    )
                                              )
OPTIMUM CHOICE, INC.                          )
                                              )
                  Defendant.                  )

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff John M. Constantini, on his own behalf and as administrator of the estate of Cheryl

A. Constantini, alleges as follows:

### Nature of the Action

1.  This is an action seeking recovery of compensatory and punitive damages,

declaratory relief and other relief arising from defendant Optimum Choice, Inc.'s breach of

contract, bad faith breach of contract, violation of 6 Del. C. §2513, and otherwise wrongful

refusal to honor its contractual obligations under a certain policy of health insurance issued to the

plaintiff John M. Constantini and his late wife, Cheryl A. Constantini.

2.  This action seeks, among other relief, a declaration that defendant Optimum Choice,

Inc. must pay to the estate of Cheryl A. Constantini the cost of certain hospital and medical

services incurred during the late Mrs. Constantini's hospitalization at the University Hospital

of Arkansas, from September 30, 2004 through November 17, 2004 (the date of her death).

### The Parties

3.  Plaintiff John M. Constantini is the surviving spouse of the late Cheryl A.

122621

Constantini, and executor of her estate. Copies of Mrs. Constantini's Letters Testamentary and Last Will and Testament are attached, evidencing Mr. Constantini's appointment as executor of Mrs. Constantini's estate.

4. Defendant Optimum Choice, Inc. ("OCI") is a Maryland corporation engaged in the business of health insurance, with offices at 4 Taft Court, Rockville, Maryland 20850.

## The Insurance Contract

5. Prior to Mrs. Constantini's death, Mr. and Mrs. Constantini were the owners of Jack's Country Maid Deli, a delicatessen located in Wilmington, Delaware.

6. OCI issued to Jack's County Maid Deli its "Group Agreement" No. M35208 for the renewal period of May 1, 2004 through April 30, 2005 (the "Policy"). The Policy provided insurance for the costs of specified hospital and medical services for plaintiff John M. Constantini and his late wife, Cheryl A. Constantini.

7. In the Policy and in related communications from OCI, OCI refers to the policy's named insureds as "Members" or Employees." Mr. Constantini and his late wife, Cheryl A. Constantini, are the only persons so identified in either the Policy or any related communications from OCI.

8. The Policy defines "Urgent Care Situations" as an "unforeseen illness or injury which requires timely medical care to prevent health deterioration as determined by OCI."

9. The Policy defines "Medical emergency or Emergency Services" as follows:

> Health care services that are provided in a Hospital emergency facility after the sudden onset of a medical condition that manifests itself by symptoms of sufficient severity, including severe pain, that the absence of immediate medical attention could reasonably be expected by a prudent layperson, who possesses an average knowledge of health and medicine, to result

in:

1. placing the patient's health in serious jeopardy;

2. serious impairment of bodily functions; or

3. serious dysfunction of any bodily organ or part.

10. The Policy provides for coverage in cases of Urgent Care Situations, Medical Emergencies or Emergency Services, even where the patient receives the urgent or emergent services outside Delaware.

11. The Policy requires that in the event of a denial of coverage, the claimant must exhaust two successive levels of internal appeals (presented to and decided by OCI) prior to commencing any lawsuit against OCI with respect to the coverage denial. This requirement, imposed unilaterally by OCI on claimants like Mr. Constantini, serves no legitimate purpose. It also adds delay and expense to a claimant's efforts to challenge a coverage denial.

12. Mr. Constantini and the estate of the late Cheryl A. Constantini have satisfied all conditions precedent to coverage under the Policy, and with respect to the hospital and medical services for which coverage is sought by this complaint.

## The Hospital and Medical Services

13. In or about October 2003 Mrs. Constantini began to suffer severe abdominal pain. She sought medical attention for these symptoms, but by the Thanksgiving holiday of 2003, the symptoms had worsened and included weight loss. Diagnostic testing ordered by her physicians during late 2003 failed to offer any reliable, definitive diagnosis for these symptoms.

14. Further diagnostic testing of Mrs. Constantini in February 2004 revealed the

presence of a potentially malignant mass in her abdomen. A subsequent magnetic resonance imaging test, also undertaken in February 2004, indicated the presence of a possible ovarian tumor.

15. On or about March 18, 2004, Mrs. Constantini underwent exploratory surgery at Christiana Hospital in Newark, Delaware, aimed at determining the nature of the growth on her ovary. The surgeons who conducted that procedure discovered a malignant ovarian cancer in an advanced (Stage IIIC) stage.

16. A March 2004 surgical intervention failed to improve Mrs. Constantini's condition, as did chemotherapy treatments administered in March, April, May, June, July, August and September 2004. By mid-September 2004 Mrs. Constantini's treating physician in Delaware, Dr. Shalaby, advised her candidly that she likely had just one month to live.

17. With surgery and a prolonged course of chemotherapy having failed, Dr. Shalaby referred Mrs. Constantini to Guido J. Tricot, M.D., Ph.D., Director of Clinical Research of the Myeloma Institute for Research and Therapy in Little Rock, Arkansas. This referral was for stem cell transplantation, a treatment unavailable to Mrs. Constantini in Delaware, but one in which Dr. Tricot was known to have expertise.

18. Stem cell transplantation -- in which the stem cells were to be harvested from Mrs. Constantini's own blood supply, and which therefore should not be confused with embryonic stem cell procedures -- was decided upon as the last best hope of a dying forty-eight-year-old wife and mother. Such therapy, however, is not a covered medical service under the Policy.

19. Mr. and Mrs. Constantini traveled to Little Rock, Arkansas in September 2004 for the purpose of securing for Mrs. Constantini the contemplated stem cell transplant. Within

days of their arrival in Arkansas, however, Mrs. Constantini's condition deteriorated significantly.

20. Mrs. Constantini was admitted to the University Hospital of Arkansas on September 29, 2004. By that time, her cancer had advanced to Stage IV, the most advanced stage of ovarian cancer.

21. Hospital records relating to Mrs. Constantini's stay at the University Hospital of Arkansas make clear that she was admitted to that hospital (and remained there until her death on November 17, 2004) due to a multiplicity of medical problems and symptoms related to her Stage IV ovarian cancer.

22. In other words, Mrs. Constantini began the seven-week process of dying while she happened to be in Arkansas to undergo a (non-covered) stem cell transplantation procedure. Her seven-week stay at the University Hospital of Arkansas, from September 29, 2004 to November 17, 2004, was made necessary by the fact that she was dying, and was not a function of her planned stem cell therapy. In fact, that therapy had to be abandoned due to Mrs. Constantini's deteriorating condition.

23. During her stay at the University Hospital of Arkansas from September 29, 2004 to November 17, 2004, Mrs. Constantini suffered respiratory failure, cardiopulmonary arrest, prolonged and severe pain, extreme weakness, bleeding, anoxic brain injury and other signs of clinical deterioration. These conditions were caused, directly or indirectly, by her advanced ovarian cancer, and not by any procedures related to her aborted stem cell transplantation therapy.

24. On November 17, 2004, while still admitted to the University Hospital of

Arkansas, Mrs. Constantini died.

## OCI's Wrongful Conduct

25.  Mr. Constantini and/or the estate of the late Cheryl A. Constantini have been billed by the University Hospital of Arkansas and related care providers for the hospital and medical services provided to Mrs. Constantini during her stay at that facility.  These medical bills total approximately $881,968.63.

26.  Mr. Constantini has submitted the subject medical bills to OCI for payment under the Policy.

27.  Mr. Constantini submitted his claim for payment of the subject medical bills to OCI in a timely manner.

28.  OCI has failed and refused to pay the subject medical bills or any part of them.

29.  In a May 31, 2005 letter from Michael Rosnick, an OCI representative, OCI explained its coverage denial.  This letter was prepared by OCI to inform Mr. Constantini of its final decision on Mr. Constantini's two-level internal appeal.

30.  In the May 31, 2005 letter from Michael Rosnick to Mr. Constantini, OCI explained its coverage denial as follows:

> Because the admission for the stem cell transplant was not
> preauthorized by the Health Plan and because care for [Mrs.
> Constantini's] diagnosis could have been provided within the OCI
> Service Area [that is, Delaware], coverage can not be afforded
> for the services rendered between October 5, 2004 and November
> 17, 2004.  In addition, the [OCI Appeals] Panel, relying on the
> consulting oncologist's opinion, also concluded that the stem cell
> transplant was not the standard of care for someone with [Mrs.
> Constantini's] particular condition, and therefore was not
> medically appropriate.

31.  OCI's explanation of its purported denial of coverage with respect to Mrs.

Constantini's stem cell transplantation therapy is irrelevant, because Mr. Constantini does not seek coverage for services related to that therapy.

32. OCI's explanation of its denial of coverage with respect to the extended hospitalization that Mrs. Constantini required during the final seven weeks of her life, and as a result of her advanced ovarian cancer, is unreasonable and dishonest. The care that Mrs. Constantini received during those seven weeks was of an urgent and/or emergent nature, and made necessary by the fact that she was dying of cancer. Such care is covered under the Policy, regardless of whether it is rendered in or out of Delaware.

33. OCI has been given ample opportunity to reconsider its unreasonable and dishonest denial of coverage. It refuses to do so.

## COUNT I

### Declaratory Judgment

34. Plaintiff John M. Constantini repeats and incorporates by reference the allegations set forth in paragraphs 1 through 33 above.

35. The Policy's terms require OCI to cover hospital and medical services rendered in Urgent Care Situations or Medical Emergencies as defined within the Policy, and without regard to whether such services are rendered in or out of Delaware.

36. The medical bills resulting from Mrs. Constantini's hospitalization at the University Hospital of Arkansas from September 29, 2004 to November 17, 2004 are covered under the Policy, and OCI's refusal to pay such bills is wrongful.

37. An actual controversy of a justiciable nature exists between plaintiff John M. Constantini and OCI concerning the parties' rights and obligations under the Policy. The

122621

controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

38. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract

39. Plaintiff John M. Constantini repeats and incorporates by reference the allegations set forth in paragraphs 1 through 38 above.

40. OCI has breached the terms of the Policy by failing and refusing to pay the medical bills associated with Mrs. Constantini's hospitalization at University Hospital of Arkansas from September 29, 2004 to November 17, 2004.

41. OCI has breached the terms of the Policy by engaging in the conduct described in paragraphs 25 through 33 above.

42. As a direct result of OCI's breach of contract, plaintiff John M. Constantini has been deprived of the benefits of the insurance coverage for which premiums were paid under the Policy. As a further result of OCI's breach of contract, plaintiff John M. Constantini has been and remains subject to financial liability for the subject medical bills, and the prospect of financial ruin.

## COUNT III

### Bad Faith Breach of Contract

43. Plaintiff John M. Constantini repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 above.

44. OCI's failure and refusal to pay the medical bills associated with Mrs.

Constantini's admission to the University Hospital of Arkansas from September 29, 2004 to November 17, 2004 is without reasonable justification.

45. OCI's conduct, as alleged in paragraph 25 through 33 above, is without reasonable justification.

46. As a direct result of OCI's bad faith breach of contract, plaintiff John M. Constantini has suffered and will suffer injury as heretofore alleged.

## COUNT IV

### Consumer Fraud

47. Plaintiff John M. Constantini repeats and incorporates by reference the allegations set forth in paragraphs 1 through 46 above.

48. OCI's conduct, as alleged above, is in violation of 6 Del. C. §2513.

49. As a direct result of OCI's violation of 6 Del. C. §2513, plaintiff John M. Constantini has suffered and will suffer injury as heretofore alleged.

## COUNT V

### Intentional (or Reckless) Infliction of Emotional Distress

50. Plaintiff John M. Constantini repeats and incorporates by reference the allegations set forth in paragraphs 1 through 49 above.

51. Through its conduct as alleged above, OCI has wrongly and knowingly subjected plaintiff John M. Constantini to the prospect of financial ruin.

52. OCI's conduct, as alleged above, is extreme and outrageous.

53. OCI's conduct, as alleged above, has recklessly caused plaintiff John M. Constantini severe emotional distress, and (more particularly) the fear and anxiety that

naturally accompany the prospect of financial ruin.

54.  As a direct result of OCI's reckless infliction of emotional distress, plaintiff John M. Constantini has suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiff John M. Constantini respectfully requests that this Court enter judgment in his favor and against Optimum Choice, Inc., as follows:

a.  Awarding to Mr. Constantini, and to the estate of the late Cheryl A. Constantini, compensatory damages for OCI's breach of contract;

b.  Awarding to Mr. Constantini, and to the estate of the late Cheryl A. Constantini, punitive damages for OCI's bad faith breach of contract;

c.  Awarding to Mr. Constantini, and to the estate of the late Cheryl A. Constantini, compensatory and punitive damages for OCI's violation of 6 Del. C. §2513;

d.  Awarding to Mr. Constantini compensatory and punitive damages for OCI's intentional (or reckless) infliction of emotional distress;

e.  Declaring the parties' rights, duties, status or other legal relations under the Policy;

f.  Awarding to Mr. Constantini, and to the estate of the late Cheryl A. Constantini, all costs of this action; and

g.  Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

MURPHY SPADARO & LANDON

John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100

Attorneys for plaintiff John M. Constantini,
on his own behalf and as administrator of the estate
of Cheryl A. Constantini

August 16, 2005

08-17-05    01:30pm    From-MSL Copy Room 1                    302 472 8135        T-090   P.002/011   F-664

FORM NO. 6 – CERTIFICATION



**STATE OF DELAWARE**  }  SS.

**NEW CASTLE COUNTY**

As Register of Wills for New Castle County in the State of Delaware, I do hereby certify that the foregoing is a true copy of _____ the Last Will and Testament dated

the 15th day of July, 2004 _____

_____

of _____ Cheryl A. Constantini _____ , deceased, late

of _____ New Castle _____ County, State of _____ Delaware _____

as the same remain on file and of record in this office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of

office this _____ 28th _____ day of _____ February _____ , _____ 2005 _____ .

_____

**REGISTER OF WILLS**

08-17-05   01:30pm   From-MSL Copy Room 1          302 472 9136      T-090   P.003/011   F-684

FORM NO. 9 - AUTHORITY TO ACT AS PERSONAL REPRESENTATIVE (LETTERS)

STATE OF DELAWARE }
                   } SS.
NEW CASTLE COUNTY }

I.   WHEREAS, __CHERYL A. CONSTANTINI_____, the "decedent",

of __Newark, DE_____, died on __11/17/04_____ with/without a will, and at the time

of death the decedent owned personal property and/or real estate located in this county, and:

WHEREAS, __John M. Constantini_____, the "Petitioner(s)" has/have petitioned

in this office for:

| | |
|---|---|
| _____XX_____ | Letters Testamentary. |
| _____ | Letters of Administration. |
| _____ | Letters of Administration with Will Annexed. |
| _____ | Letters of Ancillary Administration. |
| _____ | Letters of Ancillary Administration with Will Annexed. |
| _____ | Letters for the Appointment of a Successor Administrator/rix. |
| _____ | Letters for the Appointment of a Successor Administrator/rix with Will Annexed. |

NOW, THEREFORE, the said __John M. Constantini_____

has/have been appointed the _____Executor_____

of the estate of the decedent in accordance with Delaware Law.

II.   The Personal Representative(s) is/are, by the authority granted, empowered to administer and account for the personal property and/or real estate of the decedent. The Personal Representative(s) is/are required to make a true and complete inventory of the personal property and/or real estate. The inventory is to be filed on or before ____5/28/05_____

in the office of Register of Wills of the county in which the authority to act was granted and in any county of this state where the decedent owned real estate. The Personal Representative(s) is/are further required to account for his/her/their administration on or before ____2/28/06_____ or as otherwise required.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of this office, this __28th__

day of __February_____    __2005__

_____
REGISTER OF WILLS

134676

09-17-05    01:30pm    From-MSL Copy Room 1                    302 472 8135              T-080   P.004/011   F-684

# LAST WILL OF CHERYL A. CONSTANTINI

I, CHERYL A. CONSTANTINI of New Castle County, Delaware do hereby declare this document to be my last will.

## FIRST

I revoke all prior wills and codicils.

## SECOND

I direct my debts and funeral expenses be paid as soon as practicable.

## THIRD

If my dear husband, John A. Constantini, survives me by fifteen days:

a.    I bequeath to John all of my tangible personal property together with the benefits conferred by any insurance policies pertinent to that property.  I except from the foregoing bequest any gifts of my personal effects which I choose to make by a separately signed memorandum prepared on or after the date of this will.

b.    I leave to my trustee named hereinafter the largest sum which, when considered in conjunction with property payable to my husband by reason of my death, will result in my estate paying no federal estate tax, or the least federal

134676                                    1

08-17-05    01:30pm    From-MSL Copy Room 1                  302 472 8135              T-090  P.005/011  F-684

estate tax. The trustee shall invest and reinvest the trust property. After paying all

expenses incidental to administration, the trustee shall distribute income and

principal as follows:

    1.    The trustee shall pay John the net income from the trust estate

so long as he lives. The payments shall be made in convenient installments

(at least quarterly).

    2.    I confer upon John the right to withdraw trust principal. The

sum John may withdraw from trust principal during a single calendar year is

limited to $5,000.00, or five percent of trust principal, whichever is greater. The

trustee shall pay the funds upon written request from John, or his representative.

The annual right to withdraw trust principal shall be non-cumulative.

    3.    I authorize the trustee to pay John, or for his benefit, as much of

the trust principal as may be deemed necessary for his health, maintenance and

support, having in mind other sources of income readily available to him.

## FOURTH

I give the remainder of my estate to John provided he survives me by fifteen

days. So far as is practicable, my executor shall distribute to John assets which

qualify for the marital deduction. If John disclaims all or part of this gift, the

disclaimed property shall be added to the trust created for his benefit in paragraph

134676                    2

08-17-05   01:30pm   From-MSL Copy Room 1                    302 472 8135              T-090   P.006/011   F-684

THIRD b.  To preserve the full marital deduction, I direct that death taxes due from my estate be paid from non-marital assets.

## FIFTH

If John does not survive me by fifteen days, or upon his death while he is a beneficiary of the trust created pursuant to paragraph THIRD, then:

a.     I give the remainder of my testamentary and trust estates in equal shares to my children, Ashley, Michael and Kevin.

b.     If any of my children is not living, the property intended for my deceased child shall be paid to his offspring in equal shares.  If my deceased child has no offspring, the property intended for the deceased child shall augment equally the share of each of my living children as well as the share of any of my deceased children who is survived by offspring.

## SIXTH

a.     If my husband, and all of my children and all offspring of my children should predecease me, then I direct my executor to pay my estate in equal shares to my nephews and nieces who survive me.  By nephews and nieces I mean my nephews and nieces in the Fetkenher family as well as the nephews and nieces of my husband, John M. Constantini.

**134676**                                            3

08-17-05   01:31pm   From-MSL Copy Room 1                     302 472 8135           T-090  P.007/011  F-884

b.      If my husband and all of my children should die while any of them is the beneficiary of a trust created by this will, and as a result neither my husband nor any of my children or their offspring are legally entitled to receive the trust property, then I direct that the trust property be paid in equal shares to my nephews and nieces then living.  By nephews and nieces I mean my nephews and nieces in the Fetkenher family as well as the nephews and nieces of my husband, John M. Constantini.

SEVENTH

If by the terms of this will any property becomes payable to a beneficiary who is less than 27, then I authorize (but do not direct) my trustees named hereinafter to hold that property in further trust.  The trustees shall invest and reinvest the beneficiary's funds.  After paying all expenses incidental to administration, the trustees shall distribute the income and principal as follows:

a.      After taking into account other monetary resources readily available to the beneficiary for the same purpose, the trustees shall pay so much of the income and principal as they deem appropriate for the health, education and support of the beneficiary.  The trustees may pay the trust funds to the beneficiary, or for the benefit of the beneficiary, as the trustees deem advisable.

b.      When the beneficiary attains age 25, the trustees shall pay the beneficiary half of the principal and accrued income remaining in the trust established for his benefit, and the balance at age 27.

134676                          4

08-17-05    01:31pm    From-MSL Copy Room 1                    302 472 8135           T-080   P.008/011   F-684

c.    If any beneficiary should die before age 27, all funds remaining in the beneficiary's trust shall be paid to the beneficiary's offspring in equal shares. If there be no offspring, the assets shall augment equally the share of each of my living children as well as the share of any of my deceased children who is survived by offspring.

## EIGHTH

a.    The trustee of the trust estate created by the terms of paragraph THIRD b. shall be my husband, John. I authorize John to appoint his successor by a duly acknowledged memorandum. John shall deliver a copy of the memorandum of appointment to his successor, and a copy of the memorandum designating the successor to each of our children. If John should fail or cease to serve without designating his successor, then I appoint Richard Constantini and David Fetkenher co-trustees to act in his stead. Richard presently resides at 12 Bernard Boulevard, Hockessin, Delaware 19707. David presently resides at 53 Fawn Valley Drive, Elkton, Maryland 29121.

b.    The trustees of any trust created by the terms of paragraph SIXTH shall be Richard Constantini and David Fetkenher. If Richard should fail or cease to serve I appoint Laura C. Adams to act in his stead. If David should fail or cease to serve I designate my sister, Lynn Winteringer, as his successor. Laura presently

**134676**

5

08-17-05    01:31pm    From-MSL Copy Room 1                302 472 8135        T-090    P.009/011    F-684

resides at 3130 Duncan Road, Wilmington, DE 19808. Lynn presently resides at

233 Peoples Way, Hockessin, DE 19707.

c.    The trustees shall account annually to each beneficiary of the trust(s)

the trustees administer. The annual account shall be delivered to the beneficiary

(and guardian of the beneficiary whenever applicable) no later than sixty days

following the conclusion of each calendar year.

d.    I relieve the trustees of all trusts created by this will from the duty to

file accounts with any government body which oversees fiduciary affairs unless

such accounting be demanded by a co-trustee, or on behalf of a trust beneficiary.

## NINTH

Neither the income nor the principal of any trust estate created hereunder

shall be transferable by any beneficiary, either by assignment or by any other

method, nor shall trust assets be subject to attachment or seizure by any creditor of

a trust estate beneficiary.

## TENTH

If John does not survive my by fifteen days, then I desire the appointment of

Lynn Winterringer as guardian of the person of any of my children who is a minor.

If Lynn should fail or cease to serve I desire the appointment of my daughter,

Ashley N. Constantini, as her successor. I direct that neither Lynn nor Ashley be

**134676**

08-17-05    01:31pm    From-MSL Copy Room 1                    302 472 6135          T-090   P.010/011   F-684

required to furnish surety for any bond required by law. Lynn presently resides at 233 Peoples Way, Hockessin, Delaware 19707.

### ELEVENTH

I appoint John M. Constantini executor of my will. If John should fail or cease to serve, then I designate David Fetkenher to serve in his stead. If David should fail or cease to serve, I appoint Lynn Winterringer as his successor

### TWELFTH

None of the persons designated as executor or trustee, nor any person named herein as successor, shall be required to give surety for any bond imposed by law.

### THIRTEENTH

a.      I hereby authorize my executor, my trustee(s), and any successor designated in this will to exercise the same power and authority in all matters which I could if living and without limiting the generality of the foregoing, I authorize them to invest and reinvest funds, and to sell personal or real property at public or private sale for cash or credit; to mortgage or lease property upon such terms as may be deemed advisable; to distribute property in kind; to disclaim interests in property; and to do all other things necessary for the businesslike handling of my estate.

**134676**

persons, then my executor or my trustees may pay the funds due the beneficiary for the comfortable maintenance, care and support of the beneficiary without being required to apply to any court for permission to do so.

IN WITNESS WHEREOF I have hereunto set my hand and seal July 15 , 2004.

*Cheryl A. Constantini*
_____ (SEAL)
CHERYL A. CONSTANTINI

The foregoing instrument was signed on the date thereof by the testator, CHERYL A. CONSTANTINI, in our presence and she, at the same time, declared this to be her last will; whereupon we, at her request, in her presence and in the presence of each other have hereunto subscribed our names as attesting witnesses.

*Jason Maciny* _____ residing at  141 E. GREEN VALLEY CIRCLE

*Ry D. B.Hk* _____ residing at  2602 Montclare Dr.

**134676**                              9

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE _____ KENT _____ SUSSEX _X_

Civil Action Number: _____

Civil Case Code: CDEJ

Civil Case Type: Declaratory Judgment

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| **JOHN M. CONSTANTINI, on his own behalf and as administrator of the estate of CHERYL A. CONSTANTINI,** <br><br> Plaintiff, <br><br> v. <br><br> **OPTIMUM CHOICE, INC,** <br><br> Defendant. | John M. Constantini, Plaintiff <br><br> Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM) <br><br> Complaint <br><br> Non-Arbitration ___X___  eFile <br><br> (CERTIFICATE OF VALUE MAY BE REQUIRED) <br><br> Arbitration___ Mediation _____ Neutral Assessment <br><br> DEFENDANT (CHECK ONE) ACCEPT ___ REJECT _____ <br><br> JURY DEMAND YES _x_ No ____ <br><br> TRACK ASSIGNMENT REQUESTED (CHECK ONE): <br><br> EXPEDITED ___ STANDARD _X_ COMPLEX ____ |
| ATTORNEY NAME(S): <br><br> John S. Spadaro <br><br> ATTORNEY ID(S): <br><br> 3155 <br><br> FIRM NAME: <br><br> Murphy Spadaro & Landon <br><br> ADDRESS: <br><br> 1011 Centre Road, Suite 210 <br><br> Wilmington, DE 19805 <br><br> TELEPHONE NUMBER: <br><br> (302) 472-8100 <br><br> FAX NUMBER: <br><br> (302) 472-8135 <br><br> E-MAIL ADDRESS: <br><br> jspadaro@msllaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br> _____ <br><br> _____ <br><br> EXPLAIN THE RELATIONSHIP(S): <br><br> _____ <br><br> _____ <br><br> _____ <br><br> _____ <br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br> _____ <br><br> _____ <br><br> _____ <br><br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
## INSTRUCTIONS

### CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

| APPEALS | MISCELLANEOUS |
|---|---|
| AADM- Administrative Agency | MAAT - Appointment of Attorney |
| ACCP - Court of Common Pleas | MAFF - Application for Forfeiture |
| ACER - Certiorari | MCED - Cease and Desist Order |
| AFAM - Family Court | MCRO - Complaint Requesting Order |
| AIAB - Industrial Accident Board | MCTO - Consent Order |
| APSC - Public Service Commission | MHAC - Habeas Corpus |
| AUIB - Unemployment Insurance Appeal Board | MIND - Destruction of Indicia of Arrest |
| **COMPLAINTS** | MISS - Issuance of Subpoena/Material Witness |
| CAAA - Auto Arb Appeal * | MMAN - Mandamus |
| CASB - Asbestos | MOUT - Out of State Deposition |
| CATT - Foreign & Domestic Attachment | MPOS - Writ of Possession |
| CCCP - Transfer from CCP* | MPRO - Writ of Prohibition |
| CCHA - Transfer from Chancery * | MROP - Petition for Return of Property |
| CCON - Condemnation | MSAM - Satisfy Mortgage |
| CDBT - Debt/Breach of Contract * | MSOJ - Compel Satisfaction of Judgment |
| CDEF - Defamation * | MTAX - Tax Ditches |
| CDEJ - Declaratory Judgment | MVAC - Vacate Public Road |
| CEJM - Ejectment * | MSEM - Set Aside Satisfaction of Mortgage |
| CFJG - Foreign Judgment * | MSSS - Set Aside Sheriff's Sale |
| CINT - Interpleader | MSEL - Sell Real Estate for Property Tax |
| CLIB - Libel * | MTOX - Hazardous Substance Cleanup |
| CMAL - Malpractice * | MCVP - Civil Penalty |
| CACT - Class Action | MREF - Tax Intercept |
| CPIA - Personal Injury Auto * | MGAR - Appointment of Guardianship |
| CPIN - Personal Injury * | MFOR - Intercept of Forfeited Money |
| CPRD - Property Damage * | MSET - Structured Settlement |
| CPRL - Products Liability * | |
| CRPV - Replevin | **MORTGAGES** |
| CSBI - Silicone Breast Implant | MORT - Mortgage |
| CTAX - Tax Appeal | |
| CFRD - Fraud Enforcement | **MECHANICS LIENS** |
| CSPD - Summary Proceedings Dispute | LIEN - Mechanics Lien * |
| **INVOLUNTARY COMMITMENTS** | |
| INVC- Involuntary Commitment | **OTHER** |
| | OTHR - Specify Type |

Case types subject to Arbitration Rule 16.1

### DUTY OF THE PLAINTIFF

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

### DUTY OF THE DEFENDANT

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 8.21.03

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

JOHN M. CONSTANTINI,                    )
on his own behalf and as administrator   )
of the estate of CHERYL A. CONSTANTINI,  )     C.A. No. 05C- 08-022 THG
                                         )
            Plaintiff,                   )     NONARBITRATION CASE
                                         )     TRIAL BY JURY DEMANDED
        v.                               )
                                         )
OPTIMUM CHOICE, INC.                     )
                                         )
            Defendant.                   )

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF SUSSEX COUNTY,**

**YOU ARE COMMANDED:**

       To summon defendant, so that, within 20 days after service hereof upon defendant, Optimum Choice, Inc., exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiff's attorney, whose address is Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805, an answer to the Complaint.

       To serve upon defendant a copy of the Complaint.

Dated: 8-17-05

_Jayce M. Collins_
*Prothonotary*

_Lyttle A. Thomas_
*Per Deputy*

**TO THE ABOVE-NAMED DEFENDANT:**

       In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

_Jayce M. Collins_
*Prothonotary*

_Lyttle A. Thomas_
*Per Deputy*

123064

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JOHN M. CONSTANTINI,                          )
on his own behalf and as administrator        )
of the estate of CHERYL A. CONSTANTINI,       )        C.A. No. 05C- 08-022THG
                                              )
                        Plaintiff,            )        NONARBITRATION CASE
                                              )        TRIAL BY JURY DEMANDED
        v.                                    )
                                              )
OPTIMUM CHOICE, INC.                          )
                                              )
                        Defendant.            )

**PRAECIPE FOR SUMMONS**

TO:    **PROTHONOTARY, SUSSEX COUNTY SUPERIOR COURT**
       **Superior Court**
       **Sussex County Courthouse**
       **1 The Circle, Suite 2**
       **Georgetown, DE 19947**

       **PLEASE ISSUE WRIT** COMMANDING the Sheriff of Sussex County to serve the
Summons and Complaint on Optimum Choice, Inc. c/o the Delaware Insurance Commissioner,
Delaware Department of Insurance, 841 Silver Lake Boulevard, Dover, DE 19904, in
accordance with 18 Del. C. § § 524 and 525.  A check made payable to the Delaware
Insurance Commissioner in the amount of $25.00 is attached hereto representing the required
fee.

                        MURPHY SPADARO & LANDON

                        John S. Spadaro
                        1011 Centre Road, Suite 210
                        Wilmington, DE  19805
                        (302) 472-8100

                        Attorneys for plaintiff John M. Constantini,
                        on his own behalf and as administrator of the estate
                        of Cheryl A. Constantini

August 15, 2005

123064



**State of Delaware**

MATTHEW DENN
INSURANCE COMMISSIONER

841 SILVER LAKE BLVD.
DOVER, DELAWARE 19904-2465
(302) 739-4251
FACSIMILE (302) 739-5280

**Department of Insurance**

AUGUST 24, 2005



received
8-29-05
via mail.

**VIA CERTIFIED MAIL (70041160000647807683)**
**RETURN RECEIPT REQUESTED**

JOSEPH GUARRIELLO
OPTIMUM CHOICE, INC.
4 TAFT COURT
ROCKVILLE, MARYLAND 20850

RE:  JOHN M. CONSTANTINI VS OPTIMUM CHOICE, INC.
     SUPERIOR COURT CA NO. 05C-08-022-THG

Dear MR. GUARRIELLO:

Pursuant to 18 <u>Del</u>. <u>C</u>. § 525, the Delaware Insurance Commissioner was
served with the enclosed legal process on AUGUST 19, 2005.

**Please do not send your response to the enclosed documentation
to the Delaware Insurance Department.   Instead, you should
respond directly to the person or legal representative identified
in the enclosed legal process.**

Sincerely,

Donna M. Wysopal
Administrative Specialist III
Enclosure
cc: JOHN SPADARO, ESQ.

## CERTIFICATE OF SERVICE

I, Maryanne Donaghy, hereby certify that on September 19, 2005, I caused a

true and correct copy of the foregoing Notice of Removal to be served by United States first

class mail, postage prepaid, upon the following:

John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100