IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN M. CONSTANTINI,<br>on his own behalf and as administrator of<br>the estate of CHERYL A. CONSTANTINI,<br><br>  Plaintiff,<br><br>  v.<br><br>OPTIMUM CHOICE, INC.<br><br>  Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 05-680 (GMS) |

## ANSWER AND DEFENSES OF DEFENDANT, OPTIMUM CHOICE, INC., TO PLAINTIFF'S COMPLAINT

Defendant, Optimum Choice, Inc. ("Defendant" or "OCI"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff John M. Constantini, on his own behalf and as administrator of the Estate of Cheryl A. Constantini ("Plaintiff" or "Mr. Constantini"), and pleads its defenses thereto as follows:

### Nature of the Action

1. The allegations of this paragraph that purport to describe this "action" constitute characterizations of the Complaint, a document that speaks for itself. OCI denies any characterizations thereof to the extent such are inconsistent therewith. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, OCI answers as follows: Denied.

2. The allegations of this paragraph that purport to describe this "action" constitute characterizations of the Complaint, a document that speaks for itself. OCI denies any characterizations thereof to the extent such are inconsistent therewith. The remaining allegations of

this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, OCI answers as follows:  Denied.

## The Parties

3.     Admitted, upon information and belief.

4.     Admitted.

## The Insurance Contract

5.     Upon information and belief, OCI admits that Jack's Country Maid Deli was a delicatessen located in Wilmington, Delaware.  The remaining allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, OCI answers as follows:  After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

6.     OCI admits that OCI and Jack's Country Maid Deli ("Group") entered into a Group Agreement No. M35208, which is a written document that speaks for itself.  OCI denies any characterizations thereof to the extent that such are inconsistent therewith.  Further answering, OCI avers that pursuant to paragraph 1 of the Group Agreement, the Group Agreement incorporates by reference and makes a part thereof the OCI Evidence of Coverage and any endorsements or riders attached thereto and made a part thereof.  Accordingly, the Group Agreement and the OCI Evidence of Coverage and any endorsements or riders attached thereto and made a part thereof are collectively referred to herein as the "Policy." To the extent that Plaintiff's Complaint uses the term "Policy" in a manner inconsistent with the foregoing definition, OCI denies all such characterizations by Plaintiff.

7.     The allegations of this paragraph purport to characterize one or more written documents that speaks for themselves.  OCI denies any characterizations thereof to the extent

that such are inconsistent therewith.

8. The allegations of this paragraph purport to characterize one or more written documents that speaks for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

9. The allegations of this paragraph purport to characterize one or more written documents that speaks for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

10. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, OCI answers as follows: The allegations of this paragraph purport to characterize one or more written documents that speaks for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

11. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, OCI answers as follows: OCI denies Plaintiff's characterizations of the appeals procedures as set forth in the Policy. The remaining allegations of this paragraph purport to characterize one or more written documents that speak for themselves.

12. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, OCI answers as follows: Denied.

## The Hospital and Medical Services

13. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of

any remaining allegations of this paragraph.

14. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

15. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

16. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

17. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

18. OCI admits that the Policy does not provide coverage for the stem cell transplantation procedures that Mrs. Constantini underwent in Arkansas. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of

any remaining allegations of this paragraph.

19. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

20. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

21. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

22. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

23. To the extent the allegations of this paragraph are based on medical records or other written documents, the contents of such documents speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith. After reasonable

investigation, OCI lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph.

24. Admitted upon information and belief.

### Allegations Concerning OCI's Conduct

25. OCI admits, upon information and belief, that certain bills associated with Mrs. Constantini's stay at the university Hospital of Arkansas were rendered. To the extent the remaining allegations of this paragraph purport to characterize those medical bills, they constitute characterizations of documents that speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

26. OCI admits that Plaintiff has submitted certain bills to OCI for payment. To the extent the remaining allegations of this paragraph purport to characterize those medical bills, they constitute characterizations of documents that speak for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

27. The allegations of this paragraph constitute conclusions of law to which no response is required.

28. Denied as stated. OCI has authorized payment for certain services and/or treatment rendered to Mrs. Constantini, and has declined to pay for other services and/or treatment consistent with the terms and conditions of the Policy.

29. The allegations of this paragraph constitute characterizations of a written document that speaks for itself. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

30. The allegations of this paragraph constitute characterizations of a written document that speaks for itself. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

31.     The allegations of this paragraph constitute characterizations of one or more written documents that speaks for themselves. OCI denies any characterizations thereof to the extent that such are inconsistent therewith.

32.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

33.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

## COUNT I

### Declaratory Judgment

34.     OCI incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 33 above.

35.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: The allegations of this paragraph purport to characterize one or more written documents that speak for themselves. OCI denies any characterization thereof to the extent that such are inconsistent therewith.

36.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

37.     The allegations of this paragraph constitute conclusions of law to which no response is required.

38.     The allegations of this paragraph constitute conclusions of law to which no

response is required.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court deems appropriate.

## COUNT II

### Breach of Contract

39. OCI incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 38 above.

40. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

41. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied. By way of further answer, OCI incorporates by reference as if fully set forth herein its paragraphs 25 through 33 above.

42. After reasonable investigation, OCI is without knowledge or information to form a belief as to the truth of the allegations of this paragraph relating to Plaintiff's financial condition or prospects. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that any further response is deemed to be required, OCI responds as follows: Denied.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court

deems appropriate.

## COUNT III

### Bad Faith Breach of Contract

43.     OCI incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 42 above.

44.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent that an answer is deemed to be required, OCI responds as follows:  Denied.

45.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent that an answer is deemed to be required, OCI responds as follows:  Denied.  By way of further answer, OCI incorporates by reference as if fully set forth herein paragraphs 25 through 33 above.

46.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent that an answer is deemed to be required, OCI responds as follows:  Denied.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court deems appropriate.

## COUNT IV

### Consumer Fraud Act

47.     OCI incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 46 above.

48.     The allegations of this paragraph constitute conclusions of law to which no

response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

49.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court deems appropriate.

## COUNT V

### Intentional (or Reckless) Infliction of Emotional Distress

50.    OCI incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 49 above.

51.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

52.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

53.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, OCI responds as follows: Denied.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of

Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court deems appropriate.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action against OCI upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred or preempted, in whole or in part, by the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*.

### THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent the plan is a self-insured employee benefit plan.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by operation of the applicable statute(s) of limitations or contractual limitation on an action.

### FIFTH DEFENSE

OCI violated no duty to the Plaintiff, if any was owed, which proximately caused the injuries and damages claimed by them.

### SIXTH DEFENSE

OCI has no obligation, by operation of law or otherwise, for the liabilities that the Plaintiff assert against it.

## SEVENTH DEFENSE

The damages alleged in the Complaint were the result of the sole negligence or other superseding and intervening conduct of a third person or persons or entities over whom OCI exercised neither control nor right of control.

## EIGHTH DEFENSE

OCI's actions were proper, and the Plaintiff did not rely to his detriment on OCI's actions.

## NINTH DEFENSE

The Plaintiff has not suffered any damages as a result of any conduct of or actions by OCI.

## TENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate Plaintiff's damages, if any.

## ELEVENTH DEFENSE

Plaintiff's claim for attorneys' fees is not supported by the facts or the law.

## TWELFTH DEFENSE

Plaintiff's claims for non-economic damages are barred or limited by applicable law.

## THIRTEENTH DEFENSE

Any award of punitive damages against OCI would be violative of the constitutional safeguards afforded by the Constitution of the United States of America and the applicable State or Commonwealth Constitution.

### FOURTEENTH DEFENSE

At all times relevant hereto, OCI acted in good faith and in a commercially reasonable manner.

### FIFTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel.

### SEVENTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages is not supported by the facts or the law.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions and/or exclusions of the Policy.

### TWENTIETH DEFENSE

Plaintiff's claims are not covered under the Policy to the extent that Plaintiff has failed to establish that the nature, level and extent of care received falls within the coverage provided thereby.

### TWENTY FIRST DEFENSE

OCI reserves the right to amend its defenses based upon its investigation and discovery in this matter.

WHEREFORE, Defendant Optimum Choice, Inc., requests judgment in its favor and against Plaintiff, John M. Constantini, on his own behalf and as administrator of the Estate of

Cheryl A. Constantini, together with an award of costs, interest, and such other and further relief as this Court deems appropriate.

    /s/ Maryanne T. Donaghy
Maryanne T. Donaghy (#4213)
Stradley Ronon Stevens & Young, LLP
300 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 576-5850

Attorney for Defendant,
Optimum Choice, Inc.

## **CERTIFICATE OF SERVICE**

I, Maryanne Donaghy, hereby certify that a true and correct copy of the Answer and Defenses of Defendant, Optimum Choice, Inc., to Plaintiff's Complaint was electronically filed with the United States District Court for the District of Delaware via the Court's Electronic Case Filing ("ECF") system and that this document is available thereon for viewing and downloading. I also hereto certify that by filing the aforementioned document electronically, it was served electronically upon all counsel of record this 24th day of October 2005.

      /s/ Maryanne T. Donaghy
Maryanne T. Donaghy (#4213)
Stradley Ronon Stevens & Young, LLP
300 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 576-5850

Attorney for Defendant,
Optimum Choice, Inc.

# 408988 v. 1