IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN M. CONSTANTINI,  )<br>on his own behalf and as administrator  )<br>of the estate of CHERYL A. CONSTANTINI,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>OPTIMUM CHOICE, INC.  )<br>  )<br>Defendant.  ) | C.A. No. 05-680GMS |

## JOINT STATUS REPORT

The parties submit this joint status report in anticipation of the December 6, 2005 scheduling conference.

**I. Jurisdiction and Service**

Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a)(1). All parties are subject to the Court's jurisdiction, and none remain to be served.

**II. Substance of the Action**

**Plaintiff**: This action seeks, among other relief, a declaration that defendant Optimum Choice, Inc. ("OCI") must pay to the estate of Cheryl A. Constantini the cost of certain hospital and medical services incurred during the late Mrs. Constantini's hospitalization at the University Hospital of Arkansas, from September 30, 2004 through November 17, 2004 (the date of her death).

### A. The Insurance Contract

Plaintiff John M. Constantini is the surviving spouse of the late Cheryl A. Constantini, and executor of her estate. Defendant OCI is a Maryland corporation engaged in the business of health insurance.

Prior to Mrs. Constantini's death, Mr. and Mrs. Constantini were the owners of Jack's Country Maid Deli, a delicatessen located in Wilmington, Delaware. OCI issued to Jack's Country Maid Deli its "Group Agreement" No. M35208 for the renewal period of May 1, 2004 through April 30, 2005 (the "Policy"). The Policy provides insurance for the costs of specified hospital and medical services for Mr. and Mrs. Constantini. As part of that insurance, the Policy expressly provides coverage in cases of Urgent Care Situations, Medical Emergencies and Emergency Services, even where the patient receives the urgent or emergent services outside Delaware.

The Policy requires that in the event of a denial of coverage, the claimant must exhaust two successive levels of internal appeals (presented to and decided by OCI) prior to commencing any lawsuit against OCI with respect to the coverage denial. This requirement, imposed unilaterally by OCI on claimants like Mr. Constantini, serves no legitimate purpose. It also adds delay and expense to a claimant's efforts to challenge a coverage denial.

### B. The Hospital and Medical Services

In or about October 2003 Mrs. Constantini began to suffer severe abdominal pain. She sought medical attention for these symptoms, but by the Thanksgiving holiday of 2003, the symptoms had worsened and included weight loss. Diagnostic testing ordered by her physicians during late 2003 failed to offer any reliable, definitive diagnosis for these symptoms.

Further diagnostic testing of Mrs. Constantini in February 2004 revealed the presence of a potentially malignant mass in her abdomen. A subsequent magnetic resonance imaging test, also undertaken in February 2004, indicated the presence of a possible ovarian tumor.

On or about March 18, 2004, Mrs. Constantini underwent exploratory surgery at Christiana Hospital in Newark, Delaware, aimed at determining the nature of the growth on her ovary. The surgeons who conducted that procedure discovered a malignant ovarian cancer in an advanced (Stage IIIC) stage. A March 2004 surgical intervention failed to improve Mrs. Constantini's condition, as did chemotherapy treatments administered in March, April, May, June, July, August and September 2004. By mid-September 2004 Mrs. Constantini's treating physician in Delaware, Dr. Shalaby, advised her candidly that she had just one month to live.

With surgery and a prolonged course of chemotherapy having failed, Dr. Shalaby referred Mrs. Constantini to Guido J. Tricot, M.D., Ph.D., Director of Clinical Research of the Myeloma Institute for Research and Therapy in Little Rock, Arkansas. This referral was for stem cell transplantation, a treatment unavailable to Mrs. Constantini in Delaware but one in which Dr. Tricot was known to have expertise. Stem cell transplantation -- in which the stem cells were to be harvested from Mrs. Constantini's own blood supply, and which therefore should not be confused with embryonic stem cell procedures -- was decided upon as the last best hope of a dying forty-eight-year-old wife and mother. Such therapy, however, is not a covered medical service under the Policy.

Mr. and Mrs. Constantini traveled to Little Rock, Arkansas in September 2004 for the purpose of securing for Mrs. Constantini the contemplated stem cell transplant. Within days of their arrival in Arkansas, however, Mrs. Constantini's condition deteriorated significantly. She

126260

was therefore admitted to the University Hospital of Arkansas on September 29, 2004. By that time, her cancer had advanced to Stage IV, the most advanced stage of ovarian cancer.

Hospital records relating to Mrs. Constantini's stay at the University Hospital of Arkansas make clear that she was admitted to that hospital (and remained there until her death on November 17, 2004) due to a multiplicity of medical problems and symptoms related to her Stage IV ovarian cancer. In other words, Mrs. Constantini began the seven-week process of dying while she happened to be in Arkansas to undergo a (non-covered) stem cell transplantation procedure. Her seven-week stay at the University Hospital of Arkansas, from September 29, 2004 to November 17, 2004, was made necessary by the fact that she was dying, and was not a function of her planned stem cell therapy. In fact, that therapy had to be abandoned due to Mrs. Constantini's deteriorating condition.

During her stay at the University Hospital of Arkansas from September 29, 2004 to November 17, 2004, Mrs. Constantini suffered respiratory failure, cardiopulmonary arrest, prolonged and severe pain, extreme weakness, bleeding, anoxic brain injury and other signs of clinical deterioration. These conditions were caused, directly or indirectly, by her advanced ovarian cancer, and not by any procedures related to her aborted stem cell transplantation therapy. On November 17, 2004, while still admitted to the University Hospital of Arkansas, Mrs. Constantini died.

### C. **OCI's Wrongful Conduct**

Mr. Constantini and his late wife's estate have been billed by the University Hospital of Arkansas and related care providers for the hospital and medical services provided to Mrs. Constantini during her stay at that facility. These medical bills total approximately $881,968.63.

Mr. Constantini has submitted these bills to OCI for payment under the Policy, but OCI has refused payment.

Mr. Constantini exhausted the two-stage appeals process required under the Policy, but was unable to persuade OCI to reverse its decision. In a May 31, 2005 letter from Michael Rosnick, an OCI representative, OCI explained its coverage denial as follows:

> Because the admission for the stem cell transplant was not preauthorized by the Health Plan and because care for [Mrs. Constantini's] diagnosis could have been provided within the OCI Service Area [that is, Delaware], coverage can not be afforded for the services rendered between October 5, 2004 and November 17, 2004. In addition, the [OCI Appeals] Panel, relying on the consulting oncologist's opinion, also concluded that the stem cell transplant was not the standard of care for someone with [Mrs. Constantini's] particular condition, and therefore was not medically appropriate.

OCI's explanation of its purported denial of coverage with respect to Mrs. Constantini's stem cell transplantation therapy is irrelevant, because Mr. Constantini does not seek coverage for services related to that therapy. OCI's explanation of its denial of coverage with respect to the extended hospitalization that Mrs. Constantini required during the final seven weeks of her life, and as a result of her advanced ovarian cancer, is unreasonable and dishonest. The care that Mrs. Constantini received during those seven weeks was of an urgent and/or emergent nature, made necessary by the fact that she was dying of cancer. Such care is covered under the Policy, regardless of whether it is rendered in or out of Delaware.

From Mr. Constantini's perspective, then, the essential dispute is this: with only days or weeks to live, Mrs. Constantini traveled to Arkansas to pursue a non-covered medical procedure as a matter of last resort. Mr. Constantini agrees that this procedure (stem cell transplantation therapy) is not covered; and he seeks no recovery against OCI for the related medical bills. But while in Arkansas, Mrs. Constantini's demise began. Her condition deteriorated rapidly, and she

was forced to spend the last several weeks of her life in the hospital. That final period of hospitalization -- roughly seven weeks in all -- was made necessary by the fact that she was dying of advanced ovarian cancer. The costs of that hospitalization are thus covered under the Policy as part of the Policy's express provision of coverage for Urgent Care Situations, Medical Emergencies and Emergency Services, regardless of whether they were incurred in or out of Delaware.

OCI's position -- that care for a dying woman can only be covered if rendered in Delaware -- is utterly contrary to the Policy's terms, and knowingly dishonest. By taking this position, OCI has subjected Mr. Constantini to the prospect of financial ruin, and caused him profound distress.

**Defendant**:

OCI and Jack's Country Maid Deli ("Group") entered into a Group Agreement No. M35208, which agreement incorporates by reference and makes a part thereof the OCI Evidence of Coverage and all endorsements or riders attached thereto (collectively referred to as "the Agreement"). Mrs. Constantini was a covered member under the Agreement.

Based upon the documentation submitted in connection with the present claim for coverage, Mrs. Constantini was diagnosed with stage IV ovarian cancer, for which she underwent treatment at Christiana Hospital. In September 2004, Mrs. Constantini went to the University Hospital of Arkansas for the purpose of obtaining a stem cell transplantation. The University Hospital of Arkansas is a non-participating provider with the OCI health plan.

Mrs. Constantini developed respiratory distress and was subsequently admitted on September 29, 2004. On or about October 4, 2004, OCI notified the University Hospital of Arkansas that Mrs. Constantini would require a transfer to a participating facility in order for the

126260

health plan to cover the treatment for multiple myeloma. Notwithstanding this notification, Mrs. Constantini underwent a stem cell transplant at the University Hospital of Arkansas on or about October 5, 2004. On or about October 7, 2004, the Hospital was notified again that Mrs. Constantini was not covered for the planned treatment of the multiple myeloma in a non-participating facility because such services were available at participating facilities. Mr. Constantini and the Hospital were aware that treatment for multiple myeloma was not a covered benefit at a non-participating facility. Mr. Constantini also accepted financial responsibility for the services.

OCI properly denied coverage for Mrs. Constantini's in-patient services between October 5, 2004 and November 17, 2004. As of October 5, 2004, Mrs. Constantini's hospitalization was related to services rendered for a stem cell transplant. The stem cell transplant was not pre-authorized. Coverage was properly denied in accordance with the terms of the Agreement because, among other things, the services rendered were in connection with a stem cell transplantation which took place in a non-participating facility outside of the defined Service Area. OCI also determined that the stem cell transplantation that Mrs. Constantini underwent was not medically appropriate for someone with her condition, which also precluded coverage under the terms of the Agreement. OCI's denial of coverage was upheld on appeal.

### III. Identification of Issues

The central issue is whether the disputed medical bills are covered under the Policy. Other issues, including the issue of OCI's potential liability for bad faith breach of contract, may depend on whether the Court treats this as an ERISA case. Mr. Constantini contends that ERISA does not apply here; while OCI contends or may contend that ERISA is controlling. Finally, an issue of damages will be presented should Mr. Constantini prevail.

### IV. Narrowing of Issues

The parties believe that targeted legal issues can be substantially narrowed, if not altogether resolved, by summary judgment.

### V. Relief Sought

Mr. Constantini seeks recovery of approximately $800,000 as compensatory damages, exclusive of punitive damages.

### VI. Amendment of Pleadings

The parties propose a *January 27, 2006* deadline for amendment of pleadings.

### VII. Joinder of Parties

The parties propose a *January 27, 2006* deadline for the joinder of parties.

### VIII. Discovery

**Plaintiff**: Mr. Constantini contemplates written discovery and deposition discovery of 1) OCI and its representatives, 2) the late Mrs. Constantini's Delaware care providers, and 3) personnel from the University Hospital of Arkansas. Mr. Constantini also anticipates the need for expert discovery. This specification is made without prejudice, particularly with respect to discovery whose necessity becomes apparent as the case proceeds. Mr. Constantini also notes that the parties have not yet made their initial disclosures under Rule 26(a), and that OCI's disclosures may show the need for other discovery.

**Defendant**: OCI contemplates written discovery and deposition discovery of 1) plaintiff, 2) the late Mrs. Constantini's Delaware care providers, and 3) personnel from and representatives of the University Hospital of Arkansas. OCI also anticipates the need for expert discovery. This specification is made without prejudice, particularly with respect to discovery whose necessity becomes apparent as the case proceeds. OCI also notes that the parties have not yet made their

initial disclosures under Rule 26(a), and that Plaintiff's disclosures may show the need for other discovery.

### B. Discovery Deadline

The parties propose that discovery be initiated so as to be completed by *July 28, 2006*.

### IX. Estimated Trial Length

The parties estimate that trial will take five days.

### X. Jury Trial

Mr. Constantini has demanded trial by jury.

### XI. Settlement

Mr. Constantini submitted a written settlement overture to OCI in August 2005. OCI has not responded. There is thus no genuine prospect of settlement at this point.

### XII. Proposed Referral to Magistrate Judge

Mr. Constantini has proposed that the case be referred in its entirety for litigation before the Magistrate Judge under Fed. R. Civ. P. 73. OCI is considering this proposal but has not yet agreed.

The parties have conferred as to each of the matters addressed above.

/s/ John S. Spadaro
John S. Spadaro, No. 3155
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, Delaware 19805

Attorneys for plaintiff
John M. Constantini

/s/ Maryanne T. Donaghy
Maryanne T. Donaghy, No. 4213
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19899-2170

Attorneys for defendant
Optimum Choice, Inc.

126260

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN M. CONSTANTINI, ) <br> on his own behalf and as administrator ) <br> of the estate of CHERYL A. CONSTANTINI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPTIMUM CHOICE, INC. ) <br> ) <br> Defendant. ) | C.A. No. 05-680GMS |

**NOTICE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Maryanne T. Donaghy, Esq.
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue, Suite 800
P.O. Box 2170
Wilmington, DE 19899-2170

           Respectfully submitted,

           MURPHY SPADARO & LANDON

           /s/ John S. Spadaro
           John S. Spadaro, No. 3155
           1011 Centre Road, Suite 210
           Wilmington, DE 19805
           (302) 472-8100

           Attorneys for plaintiff
           John M. Constantini

November 29, 2005